**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 96-4751

PEDRO SANTACRUZ GARCIA,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-95-27)

Submitted: July 29, 1997

Decided: August 14, 1997

Before HALL, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Armando R. Cobos, Seattle, Washington, for Appellant. Mark T. Cal-
loway, United States Attorney, Kenneth D. Bell, First Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pedro Santacruz Garcia was convicted by a jury of participation in a marijuana and cocaine conspiracy (two counts), and two substantive cocaine charges. He was sentenced to a term of 97 months imprisonment. Garcia appeals his sentence, contending that the district court clearly erred in finding that he obstructed justice by making false statements to law enforcement officers during the investigation of his offenses and by giving perjured testimony at trial. United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1995). We affirm.

In October and November 1994, law enforcement officers in Wilkes County, North Carolina, made two undercover purchases of marijuana from Roberto Vargas. In December 1994, an undercover officer bought a kilogram of cocaine from Vargas for $29,000 in cash. The money was recovered by authorities on the same day after a purported traffic stop of Vargas' vehicle. A month later, Garcia approached law enforcement officers and complained that he had loaned Vargas $15,000 to buy some land and that Vargas told him the money had been seized. Unaware that his interview was being tape recorded, Garcia admitted transporting marijuana and cocaine from California to North Carolina for Vargas; he placed these transactions in September 1994 and portrayed himself as a mere mule. He said he was willing to help investigate Vargas because he felt Vargas had cheated him. However, Garcia never provided any further information to the officers.

At trial, the government introduced Garcia's taped admissions. Vargas testified that, after he lost his Texas source for marijuana, Garcia volunteered that he could obtain marijuana from his own contacts in California. Vargas said that Garcia made between five and ten trips to California in his van, returning with marijuana hidden in the door panels, that he and Garcia pooled their money to buy the kilogram of cocaine, and that Garcia bought plane tickets for himself and co-defendant Marcos Martinez, flew to California with Martinez, and instructed Martinez to mail the package of cocaine to North Carolina.

2

The government also produced telephone records which corroborated Vargas' testimony.

Garcia testified that he had no involvement in drug dealing and that his trips to California were solely for the purpose of transporting relatives and household goods between California and North Carolina. He denied making any admission of drug dealing in the taped interview. He said he had meant to say that Vargas' stepdaughter once traveled to California with him, took his van briefly to visit relatives, and secreted marijuana in the door panels without his knowledge. He said that, because of his faulty English, his statements were misunderstood. He said that he and Martinez flew to Los Angeles on the same plane in December 1994 purely by coincidence.

After Garcia's conviction, the district court found that Garcia had obstructed justice by making false statements to the officers in an attempt to mislead them about his own involvement with Vargas and by willfully testifying falsely at trial about a material matter--his involvement with Vargas in drug trafficking. The court enhanced his sentence accordingly. A two-level adjustment may be made if the district court finds that the defendant committed perjury. It is also appropriate if the defendant gave materially false information to a law enforcement officer that significantly obstructed or impeded the investigation or prosecution of the instant offense, or attempted to do so. USSG § 3C1.1, comment. (n.3(b), (g)).

It is not clear from the record whether Garcia's false statements to the officers in the January 1995 interview were intended to obstruct or impede the ongoing investigation, or whether they had that effect. However, the district court's finding that Garcia committed perjury at trial complied with the requirements set out in United States v. Dunnigan, 507 U.S. 87, 94 (1993), and, on this basis alone, the adjustment was warranted.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3